# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF WISCONSIN
# MILWAUKEE DIVISION

BRIAN KACZYNSKI, Individually and on Behalf of All Others Similarly Situated,

    Plaintiff,

vs.

COLLECTION TECHNOLOGY, INC.,

    Defendant.

Case No.: 16-cv-659

**CLASS ACTION COMPLAINT**

**Jury Trial Demanded**

## INTRODUCTION

1. This class action seeks redress for collection practices that violate the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. (the "FDCPA"), and the Wisconsin Consumer Act, Chapters 421-427, Wisconsin Statutes (the "WCA").

## JURISDICTION AND VENUE

2. The court has jurisdiction to grant the relief sought by the Plaintiff pursuant to 15 U.S.C. § 1692k and 28 U.S.C. §§ 1331 and 1337. Venue in this District is proper in that Defendant directed its collection efforts into the District.

## PARTIES

3. Plaintiff Brian Kaczynski is an individual who resides in the Eastern District of Wisconsin (Milwaukee County).

4. Plaintiff is a "consumer" as defined in the FDCPA, 15 U.S.C. § 1692a(3), in that Defendant sought to collect from him a debt allegedly incurred for personal, family or household purposes.

5.  Plaintiff is also a "customer" as defined in the WCA in that he engaged in a consumer credit transaction, namely an education loan, for personal, family or household purposes. Wis. Stat. § 421.301(17).

6.  Defendant Collection Technology, Inc. ("CTI") is a foreign corporation with its principal place of business located at 1200 Corporate Center Drive, Suite 325, Monterey Park, California 91754.

7.  CTI is engaged in the business of a collection agency, using the mails and telephone to collect consumer debts originally owed to others.

8.  CTI is engaged in the business of collecting debts owed to others and incurred for personal, family or household purposes. CTI is a debt collector as defined in 15 U.S.C. § 1692a and Wis. Stat. § 427.103(3).

## FACTS

9.  Plaintiff entered into one or more consumer credit transactions for an education loan. The loans are currently held by Great Lakes Higher Education Corp. ("GLHEC").

10. Student loan agreements are "consumer credit transactions" under the WCA, Wis. Stat. §§ 421-427.

11. Wis. Stat. § 421.301(10) defines a "consumer credit transaction":

> a consumer transaction between a merchant and a customer in which real or personal property, services or money is acquired on credit and the customer's obligation is payable in installments or for which credit a finance charge is or may be imposed, whether such transaction is pursuant to an open-end credit plan or is a transaction involving other than open-end credit. The term includes consumer credit sales, consumer loans, consumer leases and transactions pursuant to open-end credit plans.

12. Plaintiff's student loan contracts were for "services," namely educational services.

13. Plaintiff's student loans, as are all student loans, are extensions of "credit." Plaintiff obtained student loans to pay for tuition, fees and educational materials. Wis. Stat. §

2

421.301(14) ("'Credit' means the right granted by a creditor to a customer to defer payment of debt, to incur debt and defer its payment or to purchase goods, services or interests in land on a time price basis.") That Defendant sent Plaintiff debt collection letters establishes that the lender intended repayment of the debt.

14. Plaintiff's educational loans were payable in installments. Under a standard student loan contract, the consumer incurs an obligation to pay the balance in monthly installments, over the contract's term, and payments usually begin after the consumer has graduated or otherwise left school.

15. Moreover, the student loan transaction includes interest, which is a "finance charge." Wis. Stat. § 427.301(20)(a) ("Finance charge" includes "Interest, time price differential and any amount payable under a discount or other system of additional charges").

16. As Plaintiff entered into consumer credit transactions with GLHEC, Plaintiff is a "consumer" under the WCA, Wis. Stat. § 421.301(17).

17. On or about March 29, 2016, CTI mailed a debt collection letter to Plaintiff regarding the alleged GLHEC student loan debt. A copy of this letter is attached to this complaint as <u>Exhibit A</u>.

18. Upon information and belief, <u>Exhibit A</u> is a form letter, generated by computer, and with the information specific to Plaintiff inserted by computer.

19. <u>Exhibit A</u> states:

| | |
|---|---|
| Principal: | $2,176.82 |
| Interest: | $90.89 |
| Collection Cost: | $115.49 |
| Balance Due: | $2,383.20 |

20. The item labeled "Collection Cost" is a collection fee charged, and if paid, retained, by CTI.

3

21. The collection fee is approximately 5% of the "Principal" plus "Interest" lines on Exhibit A.

22. Wisconsin law specifically prohibits the attachment of collection fees to consumer credit transactions, even if the fee is separately negotiated. Wis. Stat. § 422.413(1) provides:

> no term of a writing evidencing a consumer credit transaction may provide for any charges as a result of default by the customer other than reasonable expenses incurred in the disposition of collateral and such other charges as are specifically authorized by chs. 421 to 427.

23. In addition, Wis. Stat. § 422.202, entitled "Additional charges," does not list collection fees as a permissible fee a creditor may charge in connection with a consumer credit transaction.

24. The Western District of Wisconsin has held specifically that the WCA prohibits collection fees on student loans. *Patzka v. Viterbo College*, 917 F. Supp. 654, 659 (W.D. Wis. 1996).

25. Even if the WCA does not apply, upon information and belief, Defendant's 5% fee is neither a measure of Defendant's incidental or consequential damages, nor a measure of Defendant's costs of collection. *Seeger v. AFNI, Inc.*, 548 F.3d 1107, 1112-13 (7th Cir. 2008).

26. A flat percentage fee necessarily varies with each account and cannot be a measure of actual costs.

27. Moreover, upon information and belief, all CTI does with respect to alleged debts is to mail computer-generated, form letters, and perhaps place some phone calls.

28. Exhibit A also states the following:

> We may be required to institute Administrative Wage Garnishment to ensure repayment. Our client may request that you be certified for Treasury Offset to recover the balance due.

29. Upon information and belief, CTI had no intention of initiating administrative wage garnishment or treasury offset against Plaintiff.

4

30. Upon information and belief, it is common practice in the debt collection industry for letters containing references to tax intercepts to be sent to consumers close to the federal tax filing deadline and is intended to scare consumers into making payments to avoid tax refund intercepts.

31. 15 U.S.C. § 1692e generally prohibits "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

32. 15 U.S.C. § 1692e(2) specifically prohibits the "false representation of the character, amount, or legal status" of an alleged debt, or the "false representation of…compensation which may be lawfully received by any debt collector for the collection" of an alleged debt.

33. 15 U.S.C. § 1692e(5) specifically prohibits threatening "to take any action that cannot legally be taken or that is not intended to be taken."

34. 15 U.S.C. § 1692e(10) specifically prohibits the "use of any false representation or deceptive means to collect or attempt to collect any debt."

35. 15 U.S.C. § 1692g(a)(1) requires that "Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing— (1) the amount of the debt."

36. Wis. Stat. § 427.104(1)(j) states that a debt collector may not: "Claim, or attempt or threaten to enforce a right with knowledge or reason to know that the right does not exist."

## COUNT I – FDCPA

37. Plaintiff incorporates by reference as if fully set forth herein the allegations contained in the preceding paragraphs of this Complaint.

5

38. CTI's attempt to collect prohibited collection fees misrepresents the character, amount, or legal status of the Plaintiff's alleged debt and is an unfair practice.

39. CTI's conduct violates 15 U.S.C. §§ 1692e,1692e(2)(a), 1692e(10), 1692f and 1692f(1).

## COUNT II -- FDCPA

40. Plaintiff incorporates by reference as if fully set forth herein the allegations contained in the preceding paragraphs of this Complaint.

41. CTI's threat of "Treasury offset" is a false, deceptive, and/or misleading representation to the unsophisticated consumer recipient.

42. CTI did not intend to initiate such offset or tax intercept.

43. The false reference to treasury offset, sent in collection letters around the tax filing deadline, is intended to deceive consumers into believing that their tax refund is at risk of intercept, when no such action is forthcoming.

44. Defendant violated 15 U.S.C. §§ 1692e, 1692e(2), 1692e(5), and 1692e(10).

## COUNT III -- Wisconsin Consumer Act

45. Plaintiff incorporates by reference as if fully set forth herein the allegations contained in the preceding paragraphs of this Complaint.

46. Plaintiff's student loans are consumer credit transactions.

47. Collection fees on consumer credit transactions are prohibited by the Wisconsin Consumer Act, §§ 422.202, 422.413, Wis. Stats.; *Patzka*, 917 F. Supp. at 659.

48. Student loans are consumer credit transactions. The consumer credit transaction at issue in *Patzka* was also a student loan.

49. A flat percentage of the balance fee is not a measure of anyone's incidental or consequential damages or a measure of CTI's costs of collection or otherwise reasonable in amount.

50. CTI's attempt to collect prohibited collection fees violates the Wisconsin Consumer Act, Wis. Stat. § 427.104(1)(j).

## CLASS ALLEGATIONS

51. Plaintiff brings this action on behalf of a Class, consisting of (a) all natural persons in the State of Wisconsin (b) who were sent a collection letter by CTI in the form of Exhibit A to the complaint in this action, (c) attempting to collect an alleged student loan debt, (d) on or after June 3, 2015 (f) that was not returned by the postal service.

52. The Class is so numerous that joinder is impracticable. On information and belief, there are more than 50 members of the Class.

53. There are questions of law and fact common to the members of the class, which common questions predominate over any questions that affect only individual class members. The predominant common question is whether Exhibit A violates the FDCPA and/or the WCA.

54. Plaintiff's claims are typical of the claims of the Class members. All are based on the same factual and legal theories.

55. Plaintiff will fairly and adequately represent the interests of the Class members. Plaintiff has retained counsel experienced in consumer credit and debt collection abuse cases.

56. A class action is superior to other alternative methods of adjudicating this dispute. Individual cases are not economically feasible.

## JURY DEMAND

57. Plaintiff hereby demands a trial by jury.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and the Class and against Defendant for:

(a) actual damages;

(b) statutory damages;

(c) attorneys' fees, litigation expenses and costs of suit; and

(d) such other or further relief as the Court deems proper.

Dated: June 3, 2016

**ADEMI & O'REILLY, LLP**

By: s/ John D. Blythin
Shpetim Ademi (SBN 1026973)
John D. Blythin (SBN 1046105)
Mark A. Eldridge (SBN 1089944)
3620 East Layton Avenue
Cudahy, WI 53110
(414) 482-8000
(414) 482-8001 (fax)
sademi@ademilaw.com
jblythin@ademilaw.com
meldridge@ademilaw.com